*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *SHANNON GOGAN,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Civil No. 09-93-P-S* |
| | ) | |
| *MICHAEL J. ASTRUE,* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI")
appeal raises the question of whether the commissioner supportably found that the plaintiff, who
alleges that she is disabled by cervical disc herniation, obesity, chronic pain, and anxiety, could
return to past relevant work. I recommend that the decision of the commissioner be affirmed.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101
(incorporating 20 C.F.R. §§ 404.1520, 416.920); *Goodermote v. Secretary of Health & Human
Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the
plaintiff had severe impairments of cervical disc herniation, obesity, and chronic pain, Finding 3,
Record at 14; that she retained the residual functional capacity ("RFC") to perform light work,
except that she could only occasionally stoop, balance, kneel, crouch, or crawl, had limited
reaching with her right hand, limited twisting of her neck to the right, and limited neck-twisting

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the
plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this
court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific
errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available
at the Clerk's Office. Oral argument was held before me on December 17, 2009, pursuant to Local Rule
16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant
statutes, regulations, case authority, and page references to the administrative record.

in an up or down motion, Finding 5, *id*. at 15; that she was capable of performing past relevant work as a cashier and telemarketer, which did not require the performance of work-related activities precluded by her RFC, Finding 6, *id*. at 19; and that she, therefore, had not been under a disability from October 6, 2006 (her alleged date of onset of disability), through the date of the decision (November 5, 2008), Finding 7, *id*.[2]  The Decision Review Board declined to disturb the decision, *id*. at 6-8, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a); *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential process, at which stage the claimant bears the burden of proof of inability to return to past relevant work.  20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(f), 416.920(f)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work.  20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520(f), 416.1520(f)); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

The statement of errors also implicates Step 1 of the sequential process, at which stage the plaintiff bears the burden of proving that she did not engage in substantial gainful activity

---

[2] The plaintiff was insured for purposes of SSD benefits through June 30, 2007.  *See* Finding 1, Record at 14.

("SGA") during the period in question.  *Bell v. Commissioner of Social Sec.*, 105 F.3d 244, 246 (6th Cir. 1996); *see also Field v. Chater*, 920 F. Supp. 240, 241 (D. Me. 1995), *called into doubt on other grounds, Seavey v. Barnhart*, 276 F.3d 1 (1st Cir. 2001).   Work is considered "substantial" if it "involves doing significant physical or mental activities."  20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1572(a), 416.972(a)).  "[W]ork may be substantial even if it is done on a part-time basis or if [a claimant] do[es] less, get[s] paid less, or [has] less responsibility than when [he or she] worked before."  *Id*.  "Work activity is gainful if it is the kind of work usually done for pay or profit, whether or not a profit is realized."  20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1572(b), 416.972(b)).  If a claimant is able to work at SGA level, the commissioner will find that he or she is not disabled.  *See* 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1571, 416.971).

## I.  Discussion

The plaintiff complains that (i) the record contains insufficient evidence to determine that the cashier job was performed at SGA, (ii) the record contains insufficient evidence to determine that the telemarketing job was performed at SGA, (iii) her work as a telemarketer did not last long enough for her to learn to do it, (iv) the limitation found on her ability to reach is inconsistent with the demands of her former work as a cashier, and (v) the administrative law judge failed to compare her RFC with the physical demands of her past relevant jobs, as required by SSR 82-62.  *See* Plaintiff's Itemized Statement of Specific Errors ("Statement of Errors") (Docket No. 9) at 2-6.  I find no reversible error.

To be deemed capable of returning to past relevant work, a claimant must retain the RFC to perform either "the actual functional demands and job duties of a particular past relevant job" or, "when the demands of the particular job which claimant performed in the past cannot be met,

. . . the functional demands of that occupation as customarily required in the national economy[.]"   *Santiago v. Secretary of Health & Human Servs*., 944 F.2d 1, 5 & n.1 (1st Cir. 1991) (citations and internal quotation marks omitted); *see also, e.g*., SSR 82-62, at 811.

The administrative law judge found the plaintiff capable of performing the actual functional demands and duties of her past relevant work as a cashier and a telemarketer. *See* Record at 19. At oral argument, counsel for the commissioner conceded that the administrative law judge erred in relying on the cashier job. However, he contended that she supportably relied on the telemarketing job. For the reasons that follow, the plaintiff indeed fails to identify reversible error with respect to that job. The decision, hence, should stand.

1.     SGA. A claimant's average monthly earnings indicate that she engaged in SGA if they exceed a set amount in a given calendar year. *See* 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2). For 2004, that amount was $810 per month. *See* Social Security Administration Program Operation Manual System ("POMS") § DI 10501.015(B) ("Policy – Table 2 – Nonblind Individuals Only"). For 2005, it was $830 monthly. *See id*.

The plaintiff offered conflicting evidence concerning her level of earnings from the telemarketing job. In a work history report dated July 17, 2007, she reported that she worked in telemarketing for an employer or entity named "Livebridge" from 2004 to 2005 for four to five hours per day, four to five days a week, at a pay rate of $9.00 per hour. *See* Record at 110, 114. By contrast, she stated in an undated disability report that she worked in telemarketing in 2005 for six hours per day, five days a week, at a pay rate of $9.00 per hour. *See id*. at 83.

As the plaintiff points out, *see* Statement of Errors at 4, the record appears to contain no government-generated earnings report from which one could verify her actual earnings. She

posits that, accordingly, the record was insufficiently developed to permit the administrative law judge to conclude that her telemarketing job was performed at an SGA level. *See id*.

The complaint is without merit. As the plaintiff herself calculates, if one accepts her representation in the disability report, she earned $1,161 monthly. *See id*.[3] That amount well exceeds SGA levels for both 2004 and 2005. She cites no authority for the proposition that the commissioner had an affirmative duty to obtain the absent earnings report printout or otherwise take measures to verify which of her conflicting reports was true.[4] The finding that the telemarketing job constituted SGA was supported by substantial evidence.

2.    Work of Too Brief Duration. For a claimant's work to constitute "past relevant work," it must have "lasted long enough for [the claimant] to learn to do it[.]" 20 C.F.R. §§ 404.1565(a), 416.965(a). The plaintiff argues that the telemarketing job did not last long enough for her to learn to do it because she received warnings about her performance and assertedly was fired in part for performance-based reasons. *See* Statement of Errors at 4-5. The argument falls short.

According to the Dictionary of Occupational Titles (U.S. Dep't of Labor, 4th ed. rev. 1991) ("DOT"), the job of telephone solicitor, which the plaintiff says correlates with her telemarketing job, *see* Statement of Errors at 4-5, has a specific vocational preparation ("SVP") level of three, requiring "[o]ver 1 month up to and including 3 months" to learn. *See* DOT

---

[3] I arrive at a different figure, an average of $1,170 monthly, based on the same data (six hours per day, five days a week, at $9.00 per hour, times 52 weeks divided by 12 months). *See* Record at 83. However, nothing turns on the discrepancy.

[4] The plaintiff did cite POMS § DI 24001.020 for the proposition that the agency's field office or the state disability agency bears the responsibility of developing SGA issues at the initial and reconsideration stages. *See* Statement of Errors at 2 n.2; POMS § DI 24001.020. The cited section of the POMS states that the "DO," or agency district office, is responsible for developing information on the nature and duration of the work performed, but does not specify the nature of the information to be developed. *See* POMS § DI 24001.020. Further, as counsel for the commissioner pointed out at oral argument, in *Proctor v. Barnhart*, No. 05-181-B-W, 2006 WL 2827662 (D. Me. Sept. 29, 2006) (rec. dec., *aff'd* Oct. 24, 2006), this court rejected an argument that it was impossible to verify that a telemarketing job had been performed at the SGA level, noting that the plaintiff herself had provided information from which one could calculate that it had been. *See Proctor*, 2006 WL 2827662, at *2.

§ 299.357-014. As this court noted in *Proctor*, a job's SVP level, "defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance" in the specified job, presumptively describes the time required to learn that job "in the absence of any contrary evidence[.]" *Proctor*, 2006 WL 2827662, at *3 (citation and internal quotation marks omitted).

While the plaintiff's evidence concerning the length of time during which she worked as a telemarketer is conflicting, *compare* Record at 198 (five to six months) *with id*. at 37 ("at least six months to a year"), even crediting the lower figure, the job presumptively lasted long enough for her to learn to do it. At oral argument, the plaintiff's counsel contended that his client had rebutted that presumption with her testimony at hearing that she was fired for unacceptable performance. However, as the commissioner's counsel rejoined, her testimony did not reflect that she had not learned the job, but rather that she had difficulties performing it, for example, with attendance and pace. *See id*. at 37-38.

On the subject of the brevity of the job, the plaintiff also argues that the administrative law judge erred in failing to consider whether the telemarketing job constituted a so-called "unsuccessful work attempt." *See* Statement of Errors at 5. Work lasting between three and six months is considered an "unsuccessful work attempt" if, *inter alia*, "it ended . . . within 6 months because of your impairment or because of the removal of special conditions which took into account your impairment and permitted you to work[.]" 20 C.F.R. §§ 404.1575(d)(4), 416.975(d)(4). Work performed at SGA level for more than six months is not considered "to be an unsuccessful work attempt regardless of why it ended[.]" *Id*. §§ 404.1575(d)(5), 416.975(d)(5).

The record contains evidence, in the form of the plaintiff's own testimony at hearing, that she performed the telemarketing job for "at least six months to a year[.]"  Record at 37.  In those circumstances, the job could not qualify as an "unsuccessful work attempt."  In any event, even assuming *arguendo* that the plaintiff performed the job for between three and six months, *see id.* at 198, it still did not qualify as an "unsuccessful work attempt."  As counsel for the commissioner correctly noted at oral argument, "[t]here must be a significant break in the continuity of [a claimant's] work before [the claimant] can be considered to have begun a work attempt that later proved unsuccessful."  Social Security Ruling 05-02, reprinted in *West's Social Security Reporting Service* Rulings 1983-1991 (Supp. 2009) ( "SSR 05-02"), at 313.  The plaintiff's work as a telemarketer was not preceded by the requisite break in continuity of work: she testified that the telemarketing job was her first job.  *See* Record at 36-37.

3. <u>Failure To Compare RFC With Job Demands</u>.  The plaintiff finally offers a catch-all argument that the administrative law judge failed to determine whether her limitations, notably her restricted ability to twist her neck to the right or up and down, would limit or preclude the cashier or telemarketing jobs.  *See* Statement of Errors at 6.  Contrary to the plaintiff's assertion, the administrative law judge considered the fit between the plaintiff's RFC and her cashier and telemarketing jobs as she actually performed them.  *See* Record at 19.  In so doing, the administrative law judge was entitled to rely on the plaintiff's description of those jobs.  *See, e.g.*, SSR 82-62 at 811 ("The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and nonexertional demands of such work.").  In any event, any such error was harmless.  At oral argument, the plaintiff's counsel clarified that

7

he contended that the neck impairment affected his client's ability to perform the cashier job, not the telemarketing job.

## II.  Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be *AFFIRMED*.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought within fourteen (14) days after being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of December, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge